James M. HANNERS, Appellant,

v.

The STATE BAR OF TEXAS, Appellee.

No. 05–92–01099–CV.

Court of Appeals of Texas, Dallas.

June 23, 1993.

James M. Hanners, pro se.

Linda A. Acevedo, Austin, for appellee.

Before LAGARDE, CHAPMAN and ROSENBERG, JJ.

## OPINION

LAGARDE, Justice.

After James Hanners did not appear at an attorney disciplinary action initiated against him by the State Bar of Texas, the trial court entered a post-answer default judgment disbarring him from the practice of law in Texas and ordering him to pay restitution to the victims of his misconduct. Hanners generally asserts, in seven points of error, that the trial court erred by (a) denying his motion

for a new trial, (b) taking judicial notice of a letter allegedly notifying him of the trial date, (c) granting trial amendments by the State Bar, (d) awarding excessive damages, and (e) denying his request for a jury trial on damages pursuant to rule 243 of the rules of civil procedure. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

On April 8, 1991, the State Bar of Texas filed a disciplinary petition against James Hanners in state district court, seeking his disbarment from the practice of law in Texas. The petition alleged that Hanners committed various acts in violation of the Texas Disciplinary Rules of Professional Conduct.[1] In May 1991, Hanners filed a *pro se* motion to transfer venue from Travis to Dallas County, a general denial, and special exceptions. He also filed a cross-claim against Bradley E. Brown and James Kozacki, whose complaints about Hanners led to the disciplinary action.

Hanners did not appear at trial on January 9, 1992. In his absence, the State Bar presented the following evidence in a trial before the court: Hanners agreed to represent John Miller Warren in his claim for insurance benefits arising from an automobile accident. Warren was treated for his injuries at Brown Chiropractic Clinic. International Life Insurance Company thereafter mailed to Hanners a check in the amount of $825 made payable to the order of "Brown Chiropractic Clinic." Hanners did not notify the clinic that he had received the check. According to the testimony of a handwriting expert, Hanners endorsed the check in the names of "Brown Chiropractic Clinic" and "James M. Hanners, Attorney at Law." The check was deposited in the operating account of "James M. Hanners & Associates" on July 20, 1990. Hanners did not pay the clinic until Dr. Brown filed a criminal complaint against him.

The State Bar also presented other evidence of Hanners' misconduct. In May of 1990, Hanners agreed to represent James Kozacki in his personal injury lawsuit against Martinetti's Motel in Illinois state court.

Herbert Rothbart and Joseph Condon, the attorneys who originally filed suit on Kozacki's behalf, asserted an attorney's lien upon the settlement proceeds. Hanners eventually agreed, without Kozacki's consent, to pay $5000 from the settlement proceeds to satisfy the lien.

Kozacki's claim was settled for $25,000. Hanners secured Kozacki's signature on the settlement agreement authorizing the $5000 payment to Rothbart and Condon by tricking him into believing that he was signing something else. On July 17, 1990, Hanners received at his office a $25,000 settlement check from Gulf Insurance Group payable to the order of "James Kozacki and James M. Hanners." Hanners endorsed the check with his own signature. At Hanners' direction, his secretary, Cheri Ray, forged Kozacki's endorsement on the check. On July 18, 1990, Hanners deposited the check in his law office operating account. Hanners' records indicated that he owed Kozacki between $3834 and $4675 of the proceeds, not including the $5000 payable to Rothbart and Condon. Hanners never paid Kozacki, Rothbart, or Condon the money that he owed them.

After it presented this evidence to the trial court, the State Bar requested permission to make oral trial amendments to the disciplinary petition. Specifically, the State Bar sought to delete its allegation that Hanners had violated section 8.04(a)(2) of the Texas Disciplinary Rules of Professional Conduct. The State Bar also sought to amend its disciplinary petition to reflect that (1) Hanners agreed to pay $5000 to Kozacki's former lawyers without Kozacki's consent and (2) Hanners fraudulently obtained Kozacki's signature on the settlement agreement authorizing the $5000 payment. The trial court granted the amendments.

After hearing this evidence, the trial court concluded that Hanners violated rule 1.14(a) of the Texas Disciplinary Rules by failing to hold funds belonging to a third person in a separate account designated as a trust or escrow account. *See* TEX.DISCIPLINARY

---

**1.** TEX.DISCIPLINARY R.PROF.CONDUCT (1989), *reprinted in* TEX.GOV'T.CODE ANN. tit. 2, subtit. G app. (Ver- non Supp.1993) (STATE BAR RULES art. X, § 9).

R.Prof.Conduct 1.14(a) (1989). The trial court also ruled that Hanners violated rule 1.14(b) by failing to promptly notify third persons of his receipt of funds in which the third persons had an interest. *See* Tex.Disciplinary R.Prof.Conduct 1.14(b) (1989). Finally, the trial court ruled that Hanners failed to comply with rule 8.04(a)(3), which prohibits Texas lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. *See* Tex.Disciplinary R.Prof.Conduct 8.04(a)(3) (1989).

Based on Hanners' acts of professional misconduct, the trial court entered judgment disbarring Hanners from practicing law in Texas. The judgment also ordered Hanners to pay restitution in the amount of $5000 to Rothbart and Condon, plus pre- and post-judgment interest, and $9675 to Kozacki, plus pre- and post-judgment interest. Finally, the judgment required Hanners to pay $12,-500 to the State Bar for attorney's fees.

After learning of the judgment, Hanners filed a motion for new trial. He appeared at a hearing on the motion and testified that he had no knowledge of the trial setting until after the default judgment was entered. He further testified that his defense counsel withdrew on October 9, 1991, and assured him that there was no trial setting at that time. Hanners claimed that he relied on his former counsel's assurance and did not intend to default. He also alleged that he had a meritorious defense to the disciplinary action and offered to reimburse the State Bar for its expenses in bringing the action.

The State Bar's attorney, David Wise, argued that Hanners had notice of the trial setting. As proof he pointed to a copy of a notice letter in the court's file dated August 26, 1991, informing Hanners of a trial setting on January 6, 1992. Hanners did not claim that the address listed for him in the letter was incorrect. Instead, he argued that the information in the court's file did not indicate whether the notice had ever been mailed or received.

Wise testified that he appeared for trial on both January 6 and 7, 1992, but the judge was occupied with other matters and could not proceed to trial. On January 7, the judge directed Wise to contact Hanners and tell him that his case would be tried on January 9. Wise called the law office of James Hanners on January 7 and left a message informing Hanners of the trial setting and asking him to return the phone call. Hanners stated that he was out of town that week and did not receive the message until after the judgment was entered. After hearing the evidence presented by both sides, the trial court denied Hanners' motion for a new trial.

## LACK OF NOTICE

 In his first point of error, Hanners asserts that the trial court erred by denying his motion for a new trial because there is no evidence that he had notice of the trial setting. Failure to give notice to a party of a trial setting violates the due process requirements of the United States Constitution. *See Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (citing *Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988)). It is also grounds for reversal of a default judgment. *See Trevino v. Gonzalez,* 749 S.W.2d 221, 223 (Tex.App.—San Antonio 1988, writ denied). A person who is not notified of a trial setting and consequently suffers a default judgment need not establish a meritorious defense to be entitled to a new trial. *Lopez,* 757 S.W.2d at 723 (citing *Peralta,* 485 U.S. at 85, 108 S.Ct. at 899).

The State Bar offered the following evidence that Hanners had notice of the trial setting: (1) the testimony of David Wise that, at the direction of the trial court, he called Hanners' office on January 7, 1992, and informed Hanners' secretary of the January 9 setting and (2) the letter in the court's file, addressed to Hanners, which informed him that his trial had been set for January 6, 1992. No findings of fact or conclusions of law were requested or filed. Therefore, the judgment must be upheld on any legal theory that finds support in the evidence. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984).

Hanners claims that he did not receive the January 7 telephone message from David Wise until after the default judgment was

entered, but even if he had received the message on January 7, it would not have been timely notice. Parties must be given at least forty-five days' notice before the first trial setting of a contested case. Tex. R.Civ.P. 245. Two days' notice is untimely notice.

Hanners initially contends in his third point of error that the trial court erred in taking judicial notice of the letter in question because there is no evidence that it was mailed or received. It is well settled, however, that a trial court may take judicial notice of its own records. *See Texas Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989) (op. on reh'g). For this reason, we overrule Hanners' third point of error.

Even though the trial court properly took judicial notice of the letter, the issue remains whether the letter's presence in the court's file is sufficient evidence of notice to support a default judgment. The law presumes that a trial court hears a case only after proper notice to the parties. *Jones v. Texas Dept. of Pub. Safety*, 803 S.W.2d 760, 761 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Trevino*, 749 S.W.2d at 223. To overcome this presumption, the appellant must affirmatively show lack of notice. *See Jones*, 803 S.W.2d at 761; *Trevino*, 749 S.W.2d at 223. This burden is not discharged by mere allegations in a motion for new trial, unsupported by affidavits or other competent evidence, that proper notice was not received. *See Jones*, 803 S.W.2d at 761; *Trevino*, 749 S.W.2d at 223. A trial court's ruling on a motion for new trial will not be overturned on appeal absent an abuse of discretion. *See Strackbein*, 671 S.W.2d at 38.

Hanners testified at the hearing on his motion for a new trial that he had no notice of the original trial setting. The trial court serves as fact finder at a hearing on a motion for a new trial and, accordingly, is the sole judge of the witnesses' credibility. *See Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied); *Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262, 265 (Tex.App.—Texarkana 1992, writ dism'd). Although Hanners attempted to rebut the presumption that he had notice

of the trial by testifying that he did not, it is clear that the trial court did not believe his testimony. Hanners failed to otherwise overcome the presumption that he was notified of the trial setting. Therefore, the trial court did not abuse its discretion by implicitly finding that Hanners received timely notice. We overrule Hanners' first point of error.

## CRADDOCK REQUIREMENTS

In his second point of error, Hanners argues that the trial court erred in denying his motion for a new trial because he met the requirements outlined in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). In that case, the court stated:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided that the motion sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 393, 133 S.W.2d at 126. These requirements also apply to post-answer default judgments. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex.1987). Because Hanners failed to request or file findings of fact or conclusions of law for the hearing, the denial of the motion for new trial must be upheld on any legal theory finding support in the evidence. *See Strackbein*, 671 S.W.2d at 38.

*Craddock* requires a defendant who has suffered a default judgment to set up, but not prove, a meritorious defense. *See Ferguson & Co. v. Roll*, 776 S.W.2d 692, 698 (Tex.App.—Dallas 1989, no writ) (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966)). The motion must allege facts that constitute a defense to the plaintiff's cause of action and must be supported by affidavits or other evidence. *Id.* If the defendant meets this burden, the motion should be granted, even if the opposing party presents contradictory testimony. *Id.* (citing *Farley v. Clark Equip.*

*Co.*, 484 S.W.2d 142, 142 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.)).

In his motion for new trial, Hanners alleged meritorious defenses to the State Bar's accusations. As to his difficulties with Brown Chiropractic Clinic, Hanners stated that he inadvertently placed the check in his law office operating account.[2] When he discovered his mistake, he immediately paid Brown $825. As for his difficulties with Kozacki, Hanners stated that Kozacki refused to allow him to pay $5000 from the settlement proceeds to Rothbart and Condon and that Kozacki would not accept payment of his rightful portion of the settlement. Hanners admitted that he owed Kozacki approximately $4000[3] of the settlement proceeds. Hanners also claimed that he had a trust account and used it as required by the State Bar Rules.

The State Bar's petition alleged that Hanners (1) failed to hold funds belonging to a third person in a separate account designated as a trust or escrow account, (2) failed to promptly notify third persons of his receipt of funds in which the third persons had an interest, and (3) engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. We conclude that Hanners has failed to meet his burden of setting up a meritorious defense to the allegations in the disciplinary petition. Hanners did not, either by written motion or at the hearing, challenge these allegations. In other words, even if what Hanners alleges is true, his actions would still constitute violations of the Texas Disciplinary Rules of Professional Conduct.

For instance, Hanners never denies that he failed to promptly inform Kozacki and Brown Chiropractics Clinic of his receipt of their checks. Likewise, he does not dispute the allegation that he placed funds belonging to others in his law office operating account. As for the fraud allegations, he does not specifically deny forging endorsements on checks or tricking his client, Kozacki, into signing an agreement to pay $5000 of his settlement proceeds to his former attorneys. Because Hanners has failed to set up a meritorious defense, the trial court did not err in overruling his motion for a new trial. We overrule his second point of error.

## TRIAL AMENDMENTS

In his fourth point of error, Hanners asserts that the trial court erred in granting the State Bar's request for trial amendments which added claims of which he did not have fair notice. The Supreme Court of Texas has held that when a trial amendment asserts a new or different cause of action of which a defaulting party has no notice, it does not support a judgment based upon that new or different cause of action. *See Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex.1979).

Contrary to Hanners' assertions, the trial amendments requested by the State Bar did not add a new cause of action. The State Bar in fact dropped one allegation in the disciplinary petition and merely requested that the petition be amended to conform to some new evidence which was presented at trial. For this reason, we overrule Hanners' fourth point of error.[4]

## MISCHARACTERIZATION OF CASE

In his seventh point of error, Hanners asserts that the trial court erred in stating during the motion for new trial hearing that this case was not a default judgment. Specifically, the trial court stated at the hearing:

First thing I might note is this is not a default judgment. This—there was an an-

---

**2.** Hanners had previously stated in his written motion for new trial that his client, John Warren, negotiated the clinic's check. Hanners did not pursue this assertion at the hearing on his motion. Warren had previously testified at the January 9 trial that, at Hanners' request, he lied to the State Bar Grievance Committee by telling it that he, and not Hanners, negotiated the check.

**3.** He arrived at this figure by deducting his one-third contingency fee ($8325), advances made to Kozacki ($7000), and the money owed to the Illinois attorneys ($5000) from the settlement proceeds ($25,000).

**4.** To the extent that Hanners complains that the trial amendments increased the amount of the restitution sought by $5000 to pay Kozacki's former attorneys without deducting it from his restitution payment to Kozacki, his complaint is addressed in our discussion of his fifth point of error.

swer filed. All issues were put in dispute. There was a full evidentiary hearing and every element of the Court's judgment was based upon the determination that might preponderance [sic] the evidence. The plaintiff has proved their cause of action, so it is not a default.

When a defendant answers the plaintiff's petition but fails to appear at trial, the judgment entered by the trial court is a form of judgment by default known as a "post-answer" default. *See Stoner,* 578 S.W.2d at 682. Therefore, the trial court technically erred when it stated that a default judgment was not entered against Hanners. The court was correct, however, in stating that when a defendant fails to appear for trial but answers a plaintiff's petition, all issues are in dispute and the plaintiff must offer evidence at trial. *See id.; see also Thomas v. DuBovy–Longo,* 786 S.W.2d 506, 507 (Tex.App.— Dallas 1990, writ denied). Moreover, Hanners has failed to demonstrate that the trial court's technical error harmed him. *See* Tex. R.App.P. 81(b)(1). Therefore, we overrule Hanners' seventh point of error.

## ATTORNEY'S FEES AND RESTITUTION ORDER

In his sixth point of error, Hanners asserts that the trial court erred by denying his request for a writ of inquiry. Rule 243 of the rules of civil procedure provides:

> If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, *unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.*

Tex.R.Civ.P. 243 (emphasis added). Hanners complains that he was entitled to a jury trial on the amount of restitution and attor-

ney's fees ordered by the court because these amounts are unliquidated damages.

The State Bar responds that the trial court had the authority to order restitution to persons financially injured because this is not an action for damages but is an attorney disciplinary action brought pursuant to and governed by the State Bar Act and the State Bar Rules. *See* Tex.Gov't.Code Ann. §§ 81.-001–105 (Vernon 1988); State Bar Rules, art. X, § 8 (1988).[5] The State Bar further argues that even assuming *arguendo* that restitution is akin to damages, because the amount of restitution was liquidated, rule 243, which only applies to unliquidated damages, is inapplicable. Still further, the State Bar argues that a writ of inquiry would have been unnecessary and inappropriate here because the amount of restitution was ascertained in the default proceeding. It relies on *Maywald Trailer Co. v. Perry,* 238 S.W.2d 826 (Tex. Civ.App.—Galveston 1951, writ ref'd n.r.e.) and claims that Hanners' reliance on *Maywald* is misplaced.

■■■ We will initially respond to the State Bar's first two arguments. Although case law on this issue is scant, the supreme court has previously referred to a "suit for damages in the nature of restitution." *See Smith v. National Resort Communities, Inc.,* 585 S.W.2d 655, 660 (Tex.1979); *see also City of Harker Heights v. Sun Meadows Land, Ltd.,* 830 S.W.2d 313, 317 (Tex.App.—Austin 1992, no writ) (referring to restitution as a "measure of damages"). A pre-*Smith* opinion from this Court, however, attempts to distinguish between restitution and damages. *See Coon v. Schoeneman,* 476 S.W.2d 439, 441 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Although the *Smith* opinion does not expressly overrule *Coon* on this point, we conclude that it implicitly overruled this Court's distinction between damages and restitution. We hold, therefore, that a restitution award is a damage award.

The State Bar also urges that even if restitution is a form of damages, the dam-

---

**5.** The Supreme Court of Texas has recently promulgated the Rules of Disciplinary Procedure, which apply to all attorney disciplinary actions commenced on or after May 1, 1992 and repeal article X, sections 1–8 and 10–38 of the State Bar Rules except to the extent that they apply to

pending disciplinary matters. *See* Tex.R.Disciplinary P. 1.04 (1992), *reprinted in* Tex.Gov't.Code Ann., tit. 2, subtit. G app. (Vernon Supp.1993). Because the disciplinary proceedings against Hanners were brought prior to May 1, 1992, the State Bar Rules apply.

ages in this case are liquidated; consequently, rule 243 does not apply. We are not required to decide this issue. Rule 241 of the rules of civil procedure provides that when a default judgment is rendered against a defendant and the claim is liquidated or proven by a written instrument, the court shall assess the damages, unless the defendant is entitled to a jury trial. *See* Tex. R.Civ.P. 241. Thus, the critical question is whether Hanners is entitled to a jury trial, not whether "damages" were unliquidated or liquidated.

We now turn to the central question presented by this point of error: whether rule 243 requires us to reverse and remand for a new trial before a jury on restitution and attorney's fees. Disciplinary actions are civil proceedings in which the Texas Rules of Civil Procedure apply except as otherwise provided in the State Bar Rules. State Bar Rules, art. X, § 16(A) & (B) (1988). We have found no provision of the State Bar Rules which disallows a jury under the facts of this case. Furthermore, the government code provides that the supreme court may not adopt or promulgate any rule which abrogates the right of an accused attorney in a disbarment action to a jury trial. *See* Tex. Gov't.Code Ann. § 81.077(a) (Vernon 1988). The State Bar Rules were promulgated by the supreme court. For this reason, on the facts of this case, we construe the State Bar Rules as preserving the right to a jury trial as provided for by the common law and by the rules of civil procedure.

Under the rules of civil procedure, a litigant is entitled to a jury trial if he (1) files a written request for a jury trial at a reasonable time, not less than thirty days, before the trial date and (2) deposits a fee of ten dollars with the clerk of the district court within the time required for requesting a jury trial. *See* Tex.R.Civ.P. 216. But even when this right is secured by request and payment, it is waived if the litigant fails to appear, either personally or through his attorney, at trial. Tex.R.Civ.P. 220; *Maldonado v. Puente,* 694 S.W.2d 86, 89 (Tex.App.— San Antonio 1985, no writ); *see Rainwater v. Haddox,* 544 S.W.2d 729, 732–33 (Tex.Civ. App.—Amarillo 1976, no writ).

Hanners filed a written request for a jury trial and paid the fee on May 6, 1991, eight months prior to the date of trial. At that point, he was entitled to a jury trial. However, Hanners waived his right to a jury trial when he failed to appear, either personally or through his attorney, at trial. *See* Tex. R.Civ.P. 220. By failing to appear personally or through his attorney at trial, he also waived his right to have a jury inquire into unliquidated damages. *See Rainwater,* 544 S.W.2d at 732–33. Accordingly, we overrule Hanners' sixth point of error.

## AMOUNT OF DAMAGES AWARDED

In his fifth point of error, Hanners asserts that the trial court awarded an amount of damages which was contrary to the overwhelming weight of the evidence and manifestly unjust. He also argues that the State Bar failed to establish its right to attorney's fees because no contractual or statutory basis is alleged for an award of attorney's fees and the State Bar failed to follow the procedure for securing attorney's fees required by chapter 38 of the Texas Civil Practice and Remedies Code. Hanners further complains that he was not provided a statement of facts from the hearing at which the restitution and attorney's fees awards were made.

First, we construe Hanners' claim that the damages award was against the great weight of the evidence as an insufficient evidence, or factual sufficiency, point. A point of error complaining that a finding is against the great weight and preponderance of the evidence is proper only when an appellant is attacking an adverse finding on an issue on which the appellant had the burden of proof. *See Cullen Center Bank & Trust v. Texas Commerce Bank,* 841 S.W.2d 116, 120 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 275–76 (Tex.App.—Amarillo 1988, writ denied). On the other hand, a point of error complaining that evidence is insufficient to support a finding is proper when an appellant attacks an adverse finding on an issue on which the appellant did not have the burden of proof. *See Cullen,* 841 S.W.2d at 120; *Raw Hide,* 766 S.W.2d at 275–76.

Hanners did not request findings from the trial court. In a nonjury trial where no findings of fact are requested or filed, we presume that the trial court made all necessary findings in support of its judgment. *See Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). However, these implied findings may be challenged by factual and legal insufficiency points on appeal in the same manner as jury findings or the trial court's findings of fact. *See id.* In reviewing a factual insufficiency point, we consider and compare all evidence in the record pertinent to the issue under consideration. *See Sosa v. City of Balch Springs,* 772 S.W.2d 71, 72 (Tex.1989) (per curiam). The trial court's judgment can be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

We find Hanners' factual insufficiency challenge to the restitution order and award of attorney's fees to be without merit. As to the award of attorney's fees, the attorney for the State Bar, David Wise, took the stand and testified that: the State Bar Rules provide for an award of attorney's fees to the prosecuting attorney in disciplinary proceedings; he had several years' experience as an attorney; he spent not less than 125 hours preparing for trial in this case; and the usual and customary fee for litigation in Dallas County was not less than $100 per hour. No evidence to the contrary was presented. We conclude that this is factually sufficient evidence to support an award of $12,500 in attorney's fees to the State Bar.

As to the restitution payments of $9675 to Kozacki, the State Bar introduced at trial a statement sent by Hanners to Kozacki showing that Hanners owed Kozacki at least $3834.88 of the settlement proceeds. Hanners admitted at the motion for new trial hearing that he owed Kozacki around $4000. This figure was apparently reached by taking the original settlement amount of $25,000 and subtracting $8325 for Hanners' one-third contingency fee, $7000 for advances, $5000 for payment to Rothbart and Condon, and $840.12 in expenses. However, Kozacki disputed the $840.12 in expenses and stated that

Hanners fraudulently induced him to sign the authorization for the $5000 payment to Rothbart and Condon. By adding those two figures to the original total of $3834.88, a total of $9675—the exact amount in restitution that the trial court ordered Hanners to pay Kozacki—is reached.

Hanners argues that the trial court granted Kozacki a double recovery by allowing him to recover $5000 that he agreed to pay to Rothbart and Condon. But this is nonsensical in light of Kozacki's testimony that he never agreed to the payment to Rothbart and Condon. Rothbart testified by deposition that Hanners agreed to pay him $5000 from the settlement proceeds to satisfy his attorney's lien. We conclude that there is sufficient evidence in the record to support Kozacki's recovery of $5000 that he never agreed to pay and Rothbart's recovery of $5000 that was promised, but never delivered, by Hanners.

Hanners also argues that the amount of attorney's fees awarded was (1) excessive and (2) unjustified because (a) the State Bar never alleged a statutory or contractual basis for the recovery of attorney's fees and (b) failed to comply with the procedure for obtaining attorney's fees outlined in the Texas Civil Practice and Remedies Code. We concluded that the testimony of David Wise is sufficient to support the amount of attorney's fees awarded.

As to the State Bar's entitlement to attorney's fees, the State Bar prayed for reasonable attorney's fees in its original disciplinary petition and its first amended disciplinary petition. Hanners specially excepted to the petition's request for attorney's fees, but the record does not indicate that Hanners obtained a ruling on this special exception. Consequently, he failed to preserve this complaint for appellate review. *See* TEX. R.APP.P. 52(a). Furthermore, David Wise correctly testified that the State Bar Rules authorize an award of attorney's fees in disciplinary actions. *See* State Bar Rules, art. X, § 8(7) (1988). Finally, the procedure outlined for recovering attorney's fees in chapter 38 of the Texas Civil Practice and Remedies Code applies only to recovery of attor-

ney's fees authorized by chapter 38. *See* TEX.GOV'T.CODE ANN. § 38.002 (Vernon 1986). The State Bar alleged entitlement to attorney's fees under the State Bar Rules. Accordingly, the procedural requirements of chapter 38 are inapplicable.

In his final complaint under this multifarious point of error, Hanners complains that he was not provided with a statement of facts from the trial at which the State Bar presented evidence in support of the restitution and attorney's fees award. This argument also lacks merit because a statement of facts is present in our record.

Because all arguments advanced by Hanners under this point of error lack merit, we overrule his sixth point of error.

We affirm the trial court's judgment.