IN THE MATTER OF MARRIAGE OF LAMIRAULT



NO. 07-01-0133-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 3, 2001



______________________________




IN THE MATTER OF THE MARRIAGE OF ALICE LAMIRAULT


AND DEREK THOMAS LAMIRAULT AND IN THE INTEREST


OF MICHELLE ALICIA LAMIRAULT, MICHAEL STEVEN


LAMIRAULT AND JAQUILEEN MONIQUE LAMIRAULT, CHILDREN




 

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-510,854; HONORABLE BRADLEY UNDERWOOD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Derek Thomas Lamirault (Derek) presents three issues which, he
contends, demonstrate the trial court reversibly erred in rendering a default judgment
against him in favor of appellee Alice Lamirault (Alice). In those issues, he argues (1) the
default judgment was in error because there was no evidence he made a general
appearance in the case, (2) there was insufficient evidence he had notice of the final trial
setting, and (3) the trial court erred in awarding additional and retroactive child support for
the couple's minor child because that relief was neither requested nor supported by the
law and the evidence. Disagreeing that reversible error is shown, we affirm the judgment
of the trial court.

 A brief factual recitation of the facts will aid in the discussion of this appeal. Derek
and Alice had been married for about ten years when Alice filed the divorce action
underlying this appeal. At the time she filed the action, the couple had been separated for
a year. Their three children were all born prior to the marriage. In the divorce petition,
Alice sought the appointment of joint managing conservators, a division of the couple's
property, and an order requiring Derek to pay child support, health insurance premiums
for the children, and the children's uninsured medical expenses while the case was
pending. In response, Derek filed a handwritten letter notifying the trial court that a divorce
action was pending in a California Superior Court.

 When the trial court called the case for trial, Derek did not appear and the court
entered the judgment about which Derek makes complaint. In its judgment, the court
ordered Derek to pay $740.15 a month as child support, an additional $493.43 a month
in support for the disabled child, and $10,386.12 in retroactive child support.

 In response to Derek's first issue contention that there is no evidence in the record
that he was served with citation in the divorce action, Alice responds that by filing a
responsive pleading, he waived the service of process. She also contends he was duly
served with process.

 Rule 106(a) of the Rules of Civil Procedure provides:

 (a) Unless the citation or an order of the court otherwise directs, the
citation shall be served by any person authorized by Rule 103 by


 (1) delivering to the defendant, in person, a true copy of the citation with the
date of delivery endorsed thereon with a copy of the petition attached
thereto, or


 (2) mailing to the defendant by registered or certified mail, return receipt
requested, a true copy of the citation with a copy of the petition attached
thereto.


Tex. R. Civ. P. 106(a). Rule 103 specifically authorizes sheriffs and constables to serve
citations. Tex. R. Civ. P. 103. The record reveals that Derek was served on August 25,
2000, at 801 W. Randol Mill, Arlington, Texas, by a Tarrant County constable. Derek's first
issue is overruled.

 The thrust of Derek's second issue is that there is insufficient evidence that he had
notice of the final trial setting. It is important to note that Derek does not complain that he
actually had no knowledge of the proceedings; rather, his complaint is that there is
insufficient evidence in the record to show that notice was given. The law presumes that
a trial court has given proper notice prior to hearing a case. Osborn v. Osborn, 961
S.W.2d 408, 411 (Tex.App.-Houston [1st Dist.] 1997, writ denied). A recitation in the
judgment that due notice was given is some, although not conclusive, evidence that proper
notice was given. Id. However, the presumption of proper notice may be rebutted by other
evidence in the record. Id.

 In the record there is a copy of the trial court's scheduling order signed on
November 3, 2000, which contains a notation, inter alia, that the trial on the merits was set
for February 14, 2001, at 1:15 p.m. It recites that a copy of the order was sent to Derek
at an Arlington address. The record also reflects that prior to commencing the hearing, the
trial judge inquired if the notice had been sent to Derek. This record, together with the fact
that the trial court proceeded to trial and recited in its judgment that Derek had been "duly
and properly cited," is sufficient to support the presumption of proper service. To
overcome the presumption, Derek must affirmatively show a lack of notice. See Hanners
v. State Bar of Texas, 860 S.W.2d 903, 908 (Tex.App.-Dallas 1993, no writ). The
presumption is not overcome by mere allegations, not supported by affidavits or other
competent evidence, that proper notice was not received. Id. Derek presented no
evidence to rebut the presumption. By failing to do so, he did not meet his burden. 
Derek's second issue is overruled.

 In his third and final issue, Derek asserts the award of additional and retroactive
child support was in error because it "was not requested in the pleadings nor supported
by the law or evidence." It is axiomatic that a judgment must be based upon the pleadings. 
Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). The key to determining whether
a cause has been properly pled is whether there are sufficient allegations to give fair
notice of the claim. Id. at 683. A prayer for general relief will support any relief granted
that was raised by the evidence and pleadings consistent with allegations in the petition. 
Khalaf v. Williams, 814 S.W.2d 854, 858 (Tex.App.-Houston [1st Dist.] 1991, no writ) (on
remand). In setting child support payments, a trial court is accorded broad discretion and,
absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. 
See DuBois v. DuBois, 956 S.W.2d 607, 610 (Tex.App.-Tyler 1997, no pet.), and In the
Interest of P.J.H., 25 S.W.3d 402, 405 (Tex.App.-Fort Worth 2000, no pet.). In deciding
whether a trial court has abused its discretion, we must first determine whether the court
acted without reference to any guiding rules or principles, in other words, arbitrarily or
unreasonably. DuBois, 956 S.W.2d at 610. In making that decision, we must view the
evidence in a light most favorable to the court's action and indulge every legal presumption
in favor of the judgment. Id. If some probative and substantive evidence supports the
judgment, the trial court did not abuse its discretion. Id.

 We do not agree with Derek's contention that the additional support for the minor
disabled child and the retroactive child support orders were improper because that relief
was not specifically requested and therefore he had no notice of either claim. The trial
court acted within the guidelines set out in the Family Code. With regard to the additional
support of the disabled minor, Texas law generally allows a court to order periodic child
support payments in an amount other than those established by the guideline if the
evidence rebuts the presumption that their application is in the best interest of the child
and justifies a departure from the guidelines. Tex. Fam. Code Ann. § 154.123 (Vernon
1996). One of the enumerated factors the trial court may consider is any special or
extraordinary educational, health care, or other expenses of the parties or of the child. Id. 
There was evidence here that the child was mentally retarded and requires special care. 
The trial court did not abuse its discretion in awarding additional support for the disabled
minor child.

 Likewise, the trial court did not abuse its discretion in awarding the retroactive child
support. The Family Code provides that when determining retroactive child support, the
court shall consider whether the obligor has provided actual support or other necessities
before the filing of the action. Tex. Fam. Code Ann. § 154.131(b)(4) (Vernon 1996). At
trial, Alice presented evidence that Derek had failed to provide support for the seven
months preceding trial. Under this circumstance, the trial court did not abuse its discretion
in awarding retroactive child support. Derek's third issue is overruled.

 In sum, all of Derek's issues are overruled and the judgment of the trial court is
affirmed. 


 John T. Boyd

 Chief Justice



Johnson, J., concurs.




Do not publish.



ing to McCurin, the wallet had money in it when taken by appellant but
not when recovered. And despite his habitual borrowing from McCurin and need of money,
appellant denied taking the funds. Instead, he accused someone of journeying into
McCurin's backyard and completing the theft. McCurin described appellant's explanation
as "some of that good talking he can do." The jury could have also so characterized
appellant's words and rationally concluded, beyond reasonable doubt, that appellant
deprived McCurin of the money, if not the wallet. And, if the factfinder so concluded, we
would hold the decision neither manifestly unjust, overwhelmed by contrary evidence, nor
supported by weak evidence since the jury was free to believe who it cared to believe. 
Thus, the verdict enjoys both legally and factually sufficient evidentiary support.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice 

 

Do not publish.

 

 
1. At trial, Sutton testified that he asked appellant if he knew he was being investigated for theft and
whether he knew McCurin. 
2. The trial court announced on the record that "the defendant made . . . statements that were not the
subject of interrogation . . . ." It also noted that there was no arrest, appellant was allowed to leave, and he
was never told he was not free to leave. Although appellant complains on appeal that the trial court failed to
file findings of fact and conclusions of law with respect to the voluntariness of his statement, see Tex. Code
Crim. Proc. Ann. art. 38.22 §6 (Vernon 2005) (imposing such an obligation on the court), there is substantial
compliance if the court dictates its findings and conclusions into the record and the defendant does not
complain that the lack of findings or conclusions hindered the presentation of his appeal. Drake v. State, 123
S.W.3d 596, 601 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd); Blount v. State, 64 S.W.3d 451, 457 (Tex.
App.-Texarkana 2001, no pet.).