NO. 07-01-0133-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 3, 2001

_____

IN THE MATTER OF THE MARRIAGE OF ALICE LAMIRAULT
AND DEREK THOMAS LAMIRAULT AND IN THE INTEREST
OF MICHELLE ALICIA LAMIRAULT, MICHAEL STEVEN
LAMIRAULT AND JAQUILEEN MONIQUE LAMIRAULT, CHILDREN

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-510,854; HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Derek Thomas Lamirault (Derek) presents three issues which, he contends, demonstrate the trial court reversibly erred in rendering a default judgment against him in favor of appellee Alice Lamirault (Alice). In those issues, he argues (1) the default judgment was in error because there was no evidence he made a general appearance in the case, (2) there was insufficient evidence he had notice of the final trial setting, and (3) the trial court erred in awarding additional and retroactive child support for

the couple's minor child because that relief was neither requested nor supported by the law and the evidence. Disagreeing that reversible error is shown, we affirm the judgment of the trial court.

A brief factual recitation of the facts will aid in the discussion of this appeal. Derek and Alice had been married for about ten years when Alice filed the divorce action underlying this appeal. At the time she filed the action, the couple had been separated for a year. Their three children were all born prior to the marriage. In the divorce petition, Alice sought the appointment of joint managing conservators, a division of the couple's property, and an order requiring Derek to pay child support, health insurance premiums for the children, and the children's uninsured medical expenses while the case was pending. In response, Derek filed a handwritten letter notifying the trial court that a divorce action was pending in a California Superior Court.

When the trial court called the case for trial, Derek did not appear and the court entered the judgment about which Derek makes complaint. In its judgment, the court ordered Derek to pay $740.15 a month as child support, an additional $493.43 a month in support for the disabled child, and $10,386.12 in retroactive child support.

In response to Derek's first issue contention that there is no evidence in the record that he was served with citation in the divorce action, Alice responds that by filing a responsive pleading, he waived the service of process. She also contends he was duly served with process.

2

Rule 106(a) of the Rules of Civil Procedure provides:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a). Rule 103 specifically authorizes sheriffs and constables to serve citations. Tex. R. Civ. P. 103. The record reveals that Derek was served on August 25, 2000, at 801 W. Randol Mill, Arlington, Texas, by a Tarrant County constable. Derek's first issue is overruled.

The thrust of Derek's second issue is that there is insufficient evidence that he had notice of the final trial setting. It is important to note that Derek does not complain that he actually had no knowledge of the proceedings; rather, his complaint is that there is insufficient evidence in the record to show that notice was given. The law presumes that a trial court has given proper notice prior to hearing a case. *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex.App.–Houston [1st Dist.] 1997, writ denied). A recitation in the judgment that due notice was given is some, although not conclusive, evidence that proper notice was given. *Id*. However, the presumption of proper notice may be rebutted by other evidence in the record. *Id.*

3

In the record there is a copy of the trial court's scheduling order signed on November 3, 2000, which contains a notation, *inter alia*, that the trial on the merits was set for February 14, 2001, at 1:15 p.m. It recites that a copy of the order was sent to Derek at an Arlington address. The record also reflects that prior to commencing the hearing, the trial judge inquired if the notice had been sent to Derek. This record, together with the fact that the trial court proceeded to trial and recited in its judgment that Derek had been "duly and properly cited," is sufficient to support the presumption of proper service. To overcome the presumption, Derek must affirmatively show a lack of notice. *See Hanners v. State Bar of Texas*, 860 S.W.2d 903, 908 (Tex.App.–Dallas 1993, no writ). The presumption is not overcome by mere allegations, not supported by affidavits or other competent evidence, that proper notice was not received. *Id.* Derek presented no evidence to rebut the presumption. By failing to do so, he did not meet his burden. Derek's second issue is overruled.

In his third and final issue, Derek asserts the award of additional and retroactive child support was in error because it "was not requested in the pleadings nor supported by the law or evidence." It is axiomatic that a judgment must be based upon the pleadings. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). The key to determining whether a cause has been properly pled is whether there are sufficient allegations to give fair notice of the claim. *Id.* at 683. A prayer for general relief will support any relief granted that was raised by the evidence and pleadings consistent with allegations in the petition. *Khalaf v. Williams*, 814 S.W.2d 854, 858 (Tex.App.–Houston [1[st] Dist.] 1991, no writ) (on

4

remand). In setting child support payments, a trial court is accorded broad discretion and, absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *See DuBois v. DuBois*, 956 S.W.2d 607, 610 (Tex.App.–Tyler 1997, no pet.), and *In the Interest of P.J.H.,* 25 S.W.3d 402, 405 (Tex.App.–Fort Worth 2000*,* no pet.). In deciding whether a trial court has abused its discretion, we must first determine whether the court acted without reference to any guiding rules or principles, in other words, arbitrarily or unreasonably. *DuBois,* 956 S.W.2d at 610. In making that decision, we must view the evidence in a light most favorable to the court's action and indulge every legal presumption in favor of the judgment. *Id.* If some probative and substantive evidence supports the judgment, the trial court did not abuse its discretion. *Id.*

We do not agree with Derek's contention that the additional support for the minor disabled child and the retroactive child support orders were improper because that relief was not specifically requested and therefore he had no notice of either claim. The trial court acted within the guidelines set out in the Family Code. With regard to the additional support of the disabled minor, Texas law generally allows a court to order periodic child support payments in an amount other than those established by the guideline if the evidence rebuts the presumption that their application is in the best interest of the child and justifies a departure from the guidelines. Tex. Fam. Code Ann. § 154.123 (Vernon 1996). One of the enumerated factors the trial court may consider is any special or extraordinary educational, health care, or other expenses of the parties or of the child. *Id.* There was evidence here that the child was mentally retarded and requires special care.

5

The trial court did not abuse its discretion in awarding additional support for the disabled minor child.

Likewise, the trial court did not abuse its discretion in awarding the retroactive child support. The Family Code provides that when determining retroactive child support, the court shall consider whether the obligor has provided actual support or other necessities before the filing of the action. Tex. Fam. Code Ann. § 154.131(b)(4) (Vernon 1996). At trial, Alice presented evidence that Derek had failed to provide support for the seven months preceding trial. Under this circumstance, the trial court did not abuse its discretion in awarding retroactive child support. Derek's third issue is overruled.

In sum, all of Derek's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Johnson, J., concurs.

Do not publish.