CAMPSEY V. CAMPSEY






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-359-CV
 
DANNY HAROLD CAMPSEY   
                                                        APPELLANT
V.
DIANE MACHELLE CAMPSEY
                                                          APPELLEE
------------
FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
Appellant Danny Harold Campsey brings this restricted appeal from the trial
court's granting of a final decree of divorce in favor of Appellee Diane
Machelle Campsey. We affirm.
Factual and Procedural Background
Appellee sued Appellant for divorce on February 22, 2002. On February 25,
2002, the trial court signed a temporary restraining order and set a hearing for
temporary orders for March 11, 2002. The record contains no evidence that
Appellant filed a written answer to Appellee's petition.
Appellant and Appellee appeared at the March 11, 2002 TRO hearing. At the
hearing, Appellant signed a form entitled "Pro Se Appearance 324th
Court" in which he provided his name, address, date of birth, and social
security number. The form included the following pre-printed statement:

 IT IS ALSO YOUR RESPONSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT
 ADDRESS AND A TELEPHONE NUMBER WHERE YOU MAY BE CONTACTED DURING BUSINESS
 HOURS. IF YOUR CASE PROCEEDS TO FINAL TRIAL AND WE ARE UNABLE TO LOCATE YOU
 FOR LACK OF CURRENT INFORMATION, A DEFAULT JUDGMENT MAY BE TAKEN.NOTICES
 OF TRIAL REQUESTS AND NOTIFICATION OF A TRIAL DATE AND TIME WILL BE MAILED TO
 THE LAST KNOWN ADDRESS PROVIDED. [Emphasis added.]
 

The associate judge swore in the parties, granted a continuance of the
hearing until March 26, 2002, and ordered the parties to appear at 9:00 a.m. on
March 26, 2002. The associate judge's order was never appealed or set aside.
When hearings in the case reconvened on March 26, 2002, Appellant did not
physically appear in the courtroom.(1)  On
that same day, Appellant's waiver of service, which he had signed on February
25, 2002, was filed with the trial court.(2) 
In the waiver, Appellant waived issuance and service of citation, acknowledged
that he had received Appellee's original divorce petition, entered his
appearance in the case for all purposes, and agreed that the case could be taken
up and considered by the trial court without any further notice to him. The
trial court entered the final decree of divorce on April 26, 2002.
In one point, Appellant first contends that he was denied due process because
he did not receive notice of the April 26, 2002 trial setting. He argues that
the "Pro Se Appearance 324th Court" form, with its preprinted
statement that the trial court would mail notices of trial settings to him, was
the trial court's written, unrestricted assurance that notice of trial requests
and trial settings would be sent to his last known address. He contends that
this document effectively revoked his prior waiver of notice of proceedings. In
addition, he argues that his appearance at the TRO hearing and his completion of
the pro se form required the trial court to send further notices to him and that
he received no notice from the trial court of the April 26, 2002 trial setting.
Appellee contends Appellant waived notice of further proceedings in the cause
and never withdrew his waiver, made an unrestricted appearance in the cause, and
thereby participated in the trial.
The Law
A restricted appeal (like its predecessor, a writ of error) directly attacks
a default judgment and prevents this court from indulging in presumptions in
support of the judgment. See Wall v. Wall, 630 S.W.2d 493, 495 (Tex.
App.--Fort Worth 1982, no writ). Texas case law and Texas Rules of Appellate
Procedure 26.1(c) and 30 require four elements for a successful restricted
appeal: 1) a notice of restricted appeal must be filed within six months after
the judgment is signed; 2) by a party to the lawsuit; 3) who did not participate
in the hearing that resulted in the judgment of which the party complains and
did not file a timely post-judgment motion; and 4) error must be apparent on the
face of the record. Norman Communications v. Tex. Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997); Stubbs v. Stubbs, 685 S.W.2d 643, 644
(Tex. 1985); Franklin v. Wilcox, 53 S.W.3d 739, 741 (Tex. App.--Fort
Worth 2001, no pet.). We construe the parties' briefs to complain only of the
third and fourth elements, and we will focus our review on those elements.
1. Participation
Appellant alleged in his restricted notice of appeal that he did not
participate in the trial court proceedings below. Appellee contends that
Appellant participated in the trial that led to the final divorce decree and,
therefore, he cannot bring this restricted appeal.
Participation in an actual trial is a matter of degree for purposes of appeal
by restricted appeal, and should be construed liberally in favor of right to
appeal. Stubbs, 685 S.W.2d at 645 (holding that appellant's signing of
waiver of citation and divorce agreement were not sufficient acts of
participation to preclude her from obtaining writ of error review); Blankinship
v. Blankinship,572 S.W.2d 807, 808 (Tex. Civ. App.--Houston [14th
Dist.] 1978, no writ) (denying writ of error review where appellant had not only
waived citation, but also expressly waived the making of a statement of facts,
and signed divorce judgment prior to its entry by trial court). The Texas
Supreme Court has defined "actual trial" as the hearing in open court,
leading up to the rendition of judgment, on the questions of law and fact. Stubbs,
685 S.W.2d at 644-45. "[T]he question is whether the appellant has
participated in 'the decision-making event' that results in judgment
adjudicating the appellant's rights." Texaco, Inc. v. Cent. Power &
Light Co., 925 S.W.2d 586, 589 (Tex. 1996). We determine a party's right to
a restricted appeal based on his nonparticipation at trial, not the reason for
his nonparticipation. Bisby v. Dow Chem. Co., 931 S.W.2d 18, 21 (Tex.
App.--Houston [1st Dist.] 1996, no writ).
Appellee argues that Appellant participated in the proceedings because he
stated in his waiver of service that he made an appearance for all purposes. A
party's mere statement that he has made a general appearance for all purposes
does not rise to the level of participation at trial. See Texaco, 925
S.W.2d at 590. In Texaco, the Texas Supreme Court rejected the court of
appeals' holding that the appellant participated at trial when it made a general
appearance by announcing that it was ready for trial and announcing settlement. Id.
The court held that while the appellant's actions may have constituted a general
appearance, it did not follow that the appellant had participated at trial. Id.
The court noted that the Legislature had rejected mere appearance in favor
of participation at the actual trial as the standard for precluding writ of
error appeal. Id.
We hold that Appellant's mere statement in the waiver of service that he
entered his appearance for all purposes did not rise to the level of
participation at trial. See id. In addition, Appellant's participation
in the TRO hearing, which resulted in an extension of the temporary orders, was
not participation in "the decision-making event" that resulted in the
final judgment adjudicating his rights. The purpose of the TRO hearing was to
put guidelines on Appellant's contact with Appellee and the children and to
limit his entanglement with the parties' personal property while the divorce
case was pending. The TRO hearing was not the trial that resulted in final
judgment adjudicating Appellant's rights as to the division of marital property,
conservatorship, and child support. Because we hold that Appellant did not
participate in the trial, we next examine whether error appears on the face of
the record.
2. Error on the face of the record
Appellant alleges that two errors are apparent on the face of the record.
First, he argues that the trial court erred in not giving him proper notice of
the final trial setting in which it entered the final divorce decree. Second, he
claims that the final judgment was entered before the time limits required by
the Local Rules of Court of Tarrant County.
In a restricted appeal, the "face of the record" consists of the
papers on file with the trial court when it rendered judgment. Gen. Elec.
Co. v. Falcon Ridge Apts., 811 S.W.2d 942, 944 (Tex. 1991). Accordingly, an
appellate court may not consider evidence in a restricted appeal unless it was
before the trial court when judgment was rendered. Barker CATV Constr., Inc.
v. Ampro, Inc., 989 S.W.2d 789, 794 (Tex. App.--Houston [1st
Dist.] 1999, no pet.) (op. on reh'g). Such a prohibition is appropriate because
an appeal by writ of error directly attacks the judgment rendered. Id.
Appellant contends that the trial court erred by not presenting him with
proper notice of the trial setting in which it entered the final divorce decree.
A trial court's failure to comply with the rules of notice in a contested case
deprives a party of the constitutional right to be present at the hearing and to
voice his objections in an appropriate manner, and results in a violation of
fundamental due process. Platt v. Platt, 991 S.W.2d 481, 483 (Tex.
App.--Tyler 1999, no pet.). If the respondent does not have notice of the trial
setting as required by rule 245, the default judgment should be set aside
because it is ineffectual. Id. at 484; Tex. R. App. P. 245.
The trial court presumably will hear a case only when notice has been given
to the parties. Blanco v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.--El
Paso 2000, no pet.); Turner v. Ward, 910 S.W.2d 500, 505 (Tex. App.--El
Paso 1994, no writ). To overcome this presumption, an appellant must
affirmatively show lack of notice. Blanco, 20 S.W.3d at 811 (holding
the judgment was effectively rebutted and the presumption of proper notice was
no longer taken to be true because appellant could not have received the
forty-five-day notice required by rule 245 when the record showed appellee had
filed a trial setting request only fifteen days prior to the final hearing);
Hanners v. State Bar of Tex., 860 S.W.2d 903, 908 (Tex. App.--Dallas 1993,
no writ) (holding that trial court is the sole judge of the witnesses'
credibility at hearing on motion for new trial and, where appellant testified
that he had not received notice, trial court did not abuse its discretion in
implicitly finding that appellant in fact had received notice). This burden may
not be discharged by mere allegations, unsupported by affidavits or other
competent evidence, that the appellant did not receive proper notice. Hanners,
860 S.W.2d at 908. Here, Appellant has failed to affirmatively show in the
record that he did not receive the required rule 245 notice. His assertion of no
notice is not supported by any evidence.
Appellant contends that because the final divorce decree was entered
sixty-two days after Appellee filed her original petition, the minimum time
between trial request and first trial setting did not occur, so he could not
have received proper notice. Appellant maintains that the local rules of Tarrant
County require a seventy-five-day waiting period before first trial setting. We
disagree.
We begin our analysis by considering the applicable local and state rules of
procedure together to determine what constitutes sufficient notice. This case
was set for trial in Tarrant County.(3)  The
Local Rules of Court of Tarrant County make an important distinction between
general civil cases and family law cases. Part 3 of the rules governs
disposition of general civil trials, and Part 4 specifically applies to
disposition of family law cases such as this. Appellant cites to Part 3 of the
rules, but overlooks Part 4.
Part 3 provides that a request for a trial setting "may ask for
a setting on a specific trial week, but not sooner tha[n] 75 days from the date
of the request for the initial trial setting." Tarrant Cty. Loc. R.
3.01(c). This seventy-five-day period is not, as Appellant contends, a notice
period. The remainder of 3.01(c) simply says that "parties will be notified
in writing of the date that the case is set for trial." Id. Thus,
local rule 3.01(c) does not contain a notice period. Adequate notice is governed
by state rule 245, which provides that a"[c]ourt may set contested cases on
written request of any party . . . with reasonable notice of not less than
forty-five days to the parties of a first setting for trial . . . ." Tex.
R. Civ. P. 245. Rule 245 provides the applicable notice period, and the
seventy-five-day period in local rule 3.01(c) is merely a waiting period for
trial scheduling. Moreover, we do not believe the seventy-five-day period
applies to family law cases.
Part 4 of the rules governs the disposition of family law cases. It provides
that final trials will be set upon written request using the procedure and form
as the specific court requires. Tarrant Cty. Loc. R. 4.03(a). Section 6.702 of
the family code provides that a trial court "may not grant a divorce before
the 60th day after the date the suit was filed. A decree rendered in violation
of this subsection is not subject to collateral attack." Tex. Fam. Code
Ann. § 6.702(a) (Vernon 1998). Applying the local family law disposition rules,
we hold that the trial court properly entered judgment sixty-two days after
Appellee filed her original petition. See id.; Tarrant Cty. Loc. R.
4.01(e), 4.03(a). Thus, the date on which the trial court rendered judgment is
not evidence of Appellant's alleged lack of notice. Because there is no evidence
that Appellant did not receive adequate notice of the April 26, 2002 trial
setting, error is not apparent from the face of the record. Further, because
Appellant has not shown lack of notice, we need not address his contention that
he revoked his waiver of notice.
Conclusion
Appellant has not demonstrated any error on the face of the record. We
overrule Appellant's point, and affirm the trial court's judgment.
 
  
                                                        DIXON
W. HOLMAN
  
                                                        JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: June 26, 2003

1. In her Report of Temporary Orders, the associate judge
indicated that Appellant did not appear and included a hand-written note,
"waiver in file."
2. In her brief, Appellee erroneously states that
Appellant signed the waiver on March 11, 2002, the date of the original TRO
hearing.
3. We take judicial notice of the Local Rules of Court of
Tarrant County, Texas. Tex. R. Evid. 201(d).