**AFFIRM; Opinion issued May 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00257-CV

## MALCOLM DAVIS, Appellant
## V.
## SASKIA DAVIS, Appellee

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 08-07413**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis and Fillmore
Opinion by Justice Francis

Malcolm Davis appeals the trial court's post-divorce order appointing a receiver. In two issues, appellant contends the trial court erred in rendering the order (1) without giving him notice and (2) without requiring appellee to file a bond and requiring the receiver to be sworn. We affirm.

On October 27, 2011, Saskia Davis filed a motion for appointment of receiver alleging she and appellant were the owners of real property in Garland, Texas, and could not agree on terms of sale for the property. Saskia further alleged that unless a receiver was appointed immediately to take charge of the property, "there is a danger that the community estate will suffer irreparable loss."

A hearing on the motion was set for December 16, 2011. On January 31, 2012, the trial court signed an order, determining that "after hearing pleadings, evidence, and argument of counsel, . . . proper grounds exist for the immediate appointment of a receiver." The trial court appointed a receiver to take charge and possession of the property. The court waived the necessity of a bond. Three days later, appellant filed his notice of appeal.

In his first issue, appellant contends the trial court abused its discretion in ordering the appointment of a receiver without giving him an opportunity to be heard on the application in violation of Texas Rule of Civil Procedure 695.[1] Rule 695 provides, in relevant part:

> Except where otherwise provided by statute, no receiver shall be appointed without notice to take charge of property which is fixed and immobile. When an application for appointment of receiver to take possession of property of this type is filed, the judge or court shall set the same down for hearing and notice of such hearing shall be given to the adverse party by serving notice thereof not less than three days before the hearing.

TEX. R. CIV. P. 695.

Appellant contends the trial court held an ex parte hearing on the motion. He further argues a receiver can be appointed without notice "only in exceptional and extreme cases," and there is "no showing of urgency to justify the appointment of a receiver ex parte" in this case.

The law presumes a trial court hears a case only after proper notice to the parties. *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, no writ). To overcome this presumption, the appellant must affirmatively show lack of notice. *Id.* This burden is not discharged by mere allegations in a motion for new trial, unsupported by affidavits or other competent evidence, that proper notice was not received. *Id.*

---

[1] Appellant does not argue he was entitled to notice by citation pursuant to section 9.001 of the Texas Family Code.

Here, appellant did not file a motion for new trial or any other motion, supported by affidavit or other competent evidence; instead, he relies on a silent record and makes only bare assertions in his brief. Because appellant has not made an affirmative showing that he did not receive notice, he has not overcome the presumption of proper notice.

Moreover, although appellant asserts the trial court's action could be proper under certain circumstances, he argues the record does not show those circumstances exist in this case. As stated previously, the trial court's order recited that evidence was heard in this case, but our record does not contain the reporter's record of the hearing. In response to a query from this court, the court reporter advised us that appellant did not request one. Without a reporter's record, we do not know what evidence was presented to the trial court, and we presume the missing record supports the trial court's order. *See In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.). We conclude the first issue is without merit.

In his second issue, appellant contends the trial court erred by not requiring appellee to file a "good and sufficient bond" and by not requiring the receiver to be sworn to perform her duties faithfully.

With respect to the first complaint, the rule specifically provides that in a divorce case, "the court or judge, as a matter of discretion, may dispense with the necessity of a bond." *See* TEX. R. CIV. P. 695a. As for the second issue, section 64.022 of the Texas Civil Practice and Remedies Code provides that "[b]efore a person assumes the duties of a receiver, he must be sworn to perform the duties faithfully." TEX. CIV. PRAC. & REM. CODE ANN. § 64.022 (West 2008). The record is silent on this issue. Assuming a silent record would be sufficient, appellant has not shown the appointee has yet assumed the duties of receiver. We overrule the second issue.

We affirm the trial court's order appointing a receiver.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

120257F.P05

4



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

MALCOLM DAVIS, Appellant

No. 05-12-00257-CV          V.

SASKIA DAVIS, Appellee

On Appeal from the 303rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. 08-07413.
Opinion delivered by Justice Francis;
Justices O'Neill and Fillmore participating.

In accordance with this Court's opinion of this date, the trial court's order appointing a receiver is **AFFIRMED**.

It is **ORDERED** that appellee SASKIA DAVIS recover her costs of this appeal from appellant MALCOLM DAVIS.

Judgment entered May 6, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

5