**William C. COCKE, Appellant,**

v.

**David M. SAKS and Doyle Spruill, Appellees.**

**No. 13–88–252–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

C.A. Davis, Hilgers & Watkins, Austin, William R. Edwards, Edwards & Perry, Corpus Christi, for appellant.

Patrick P. Rogers, Porter, Rogers, Dahlman & Gordon, Corpus Christi, for appellees.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal of a post-answer default judgment for $2,605,310.10 plus attorney's fees against appellant based upon actual and exemplary damages resulting from the breach of joint venture and indemnity agreements and fraud found to have been committed by appellant. Appellant filed a motion for new trial, which was overruled, claiming to have met the requirements of *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm'n App.1939, opinion adopted) and *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966). We affirm the trial court's judgment.

Trial of this case was held before the court on February 22, 1988, pursuant to a docket control order entered in September, 1987. Appellant filed his motion for new trial on March 28, 1988. Attached to the motion is appellant's affidavit which shows that his attorney withdrew in December, 1987, and sent appellant a letter advising that the case was not set for trial. Appellant asserts that this demonstrates that he was not aware of the setting and that his failure to appear was the result of a mistake and not intentional or the result of conscious indifference. The affidavit also recites appellant's version of the events surrounding the joint venture and indemnity agreements in an effort to show a meritorious defense. Appellees filed a response to the motion for new trial challenging appellant's contention that his failure to appear was the result of inadvertence or mistake and also challenging the claim of a valid defense. No hearing was requested or held on the motion for new trial and it was overruled by operation of law.

Appellant's sole point of error alleges error in the failure of the trial court to grant a new trial. He claims the evidence was uncontroverted that his failure to appear was the result of mistake rather than conscious indifference, that there was evidence of a meritorious defense and that the granting thereof would have occasioned no injury to appellees.

In considering whether a new trial should be granted where an answer has been filed but the defendant fails to appear, the same rules apply as in cases where no answer has been filed. *Ivy,* 407 S.W.2d at 214; *HST Gathering Co. v. Motor Services, Inc.,* 683 S.W.2d 743, 745 (Tex.App.—Corpus Christi 1984, no writ). It is within the discretion of the trial court to decide whether facts of a case warrant vacation of default judgment and granting

of a new trial. *Grissom v. Watson,* 704 S.W.2d 325, 326 (Tex.1986); *Carey Crutcher, Inc. v. Mid–Coast Diesel Services, Inc.,* 725 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1987, no writ). The proponent of the motion for new trial has the burden of presenting it to the court, obtaining a hearing on it, and presenting evidence to substantiate any factual matters necessary to show he is entitled to the requested relief. *Carey Crutcher, Inc.,* 725 S.W.2d at 502; *Fulton v. Duhaime,* 525 S.W.2d 62, 64 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); Tex.R.Civ.P. 324(b)(1); Tex.R.App.P. 52(d).

■ All of the matters necessary to establish entitlement to a new trial were contested by pleadings and affidavits filed by appellees. Appellant failed to request a hearing and none was held. Appellant failed to meet his burden to establish his entitlement to a new trial. We overrule his point of error.

The judgment of the trial court is affirmed.