Mary MATHIS, Appellant

v.

Joseph F. LOCKWOOD, Appellee.

No. 05–03–00353–CV.

Court of Appeals of Texas, Dallas.

March 24, 2004.

Rehearing Overruled May 13, 2004.

Mary Mathis, Duncanville, for appellant.

Rhonda F. Hunter, Attorney At Law, Dallas, for appellee.

Before WHITTINGTON, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG.

Mary Mathis, pro se, appeals a default judgment rendered in favor of Joseph F. Lockwood. Lockwood has not filed a brief. In her first point of error, Mathis contends the trial court erred in granting a default judgment when Mathis did not receive notice of the trial setting. In her second point of error, Mathis contends the trial court erred in finding there was no evidence of the existence of a common law marriage. For the reasons that follow, we affirm the trial court's judgment.

The record shows that Lockwood filed a "petition for declaratory judgment" and a "motion for turnover of property."[1] The trial court heard Lockwood's petition and motion on December 13, 2002. Mathis did not appear at the hearing. During the hearing, the trial judge asked Lockwood's counsel: "How was the respondent [i.e., Mathis] advised to appear today?" Counsel replied:

> She was advised through a former attorney. She was sent a letter to the address which he listed in the documents in his motion to withdraw, and then we called her. I had my office call her and speak to her about today's hearing.

The trial court signed a "declaratory judgment" on December 13, 2002. That judgment recites that Mathis "although duly served in this cause failed to appear after being notified of trial."

On January 9, 2003, Mathis filed a "Motion for A Request Rehearing." In this motion, Mathis stated that she had not been served with notice of the December 13, 2002 hearing and therefore did not attend the hearing. She further stated that, since she had not been served with notice of the hearing, she was entitled to

1. Neither document appears in the record on    appeal.

have the judgment set aside, and she requested a new hearing be held in the matter.

The trial court heard this motion on February 4, 2003. Although Mathis claimed that she had not been served with the original petition, Lockwood's counsel told the trial judge that, as to original service, Mathis was served, filed an answer, and had appeared in "numerous hearings." The trial judge asked whether counsel's file indicated anything about notice as to the December 13 hearing. Counsel replied that she thought she had submitted any notices as exhibits at the time of the hearing. The court reporter stated that she was probably at the December 13 hearing and could get the exhibits if the court needed them. Counsel then stated: "I do have a letter that was sent to Michael J. Williams [i.e., Mathis's former attorney] regarding the court date and to Mary Mathis regarding the court date." The documents were passed to the trial judge, who then stated: "That'll suffice. The Court will deny your Motion for Rehearing." No written order denying the motion appears in the record on appeal.

■ Mathis claims the trial court should have set aside the post-answer default judgment because she did not receive notice of the December 13, 2002 hearing. A trial court must set aside a post-answer default judgment when the test articulated in *Craddock v. Sunshine Bus Lines Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), is satisfied. *Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex.1987). According to *Craddock*, a default judgment should be set aside when it is demonstrated that: (1) the party's failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the

opposing party. *Id.* at 779. Importantly, when a party receives no notice of a trial setting, she satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988) (per curiam); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex.App.-Dallas 1994, no writ). Where the elements of the *Craddock* test are satisfied, it is an abuse of discretion for the trial court to deny a motion for new trial. *Cliff*, 724 S.W.2d at 779. In reviewing the judgment of the trial court where there are no findings of fact and conclusions of law requested or filed, the judgment must be upheld on any legal theory that finds support in the evidence. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984).

■ Texas Rule of Civil procedure 21a specifies that notices be sent to the party's last known address, thus imposing a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address. *Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex. App.-Houston [14th Dist.] 1999, pet. denied); TEX.R. CIV. P. 21a. The law presumes that a trial court hears a case only after proper notice to the parties. *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex.App.-Dallas 1993, no writ). To overcome this presumption, the appellant must affirmatively show lack of notice. *Id.* This burden is not discharged by mere allegations in a motion for new trial, unsupported by affidavits or other competent evidence, that proper notice was not received. *Id.* The trial court serves as fact finder at a hearing on a motion for a new trial and, accordingly, is the sole judge of the witnesses' credibility. *Id.*

Mathis testified at the hearing on her motion to request a rehearing that she did not receive notice of the December 13, 2002 hearing, and her attorney had with-

drawn from the case. Although Mathis attempted to rebut the presumption that she had notice of the trial by testifying that she did not receive notice, the trial court reviewed a letter sent to Mathis regarding the court date. Mathis further stated that she did not get "certified notice" and did not receive the letter Lockwood's counsel sent. The trial court said, "It's your responsibility to keep your address correctly if you're saying it didn't go to the right address." The court then said to Mathis, "It's also your responsibility to either represent yourself as a lawyer and know the rules the same as an attorney or hire a lawyer to represent you." Mathis failed to overcome the presumption that she was notified of the trial setting. *See Hanners,* 860 S.W.2d at 908. Therefore, the trial court, acting as fact finder, did not abuse its discretion by implicitly finding that Mathis received notice of the December 13, 2002 hearing. The trial court is the sole judge of the witnesses' credibility. *See id.* We overrule Mathis's first point of error.

In her second point of error, Mathis contends that the trial court erred in finding there was no evidence of the existence of a common law marriage. We construe this issue as an argument that Mathis established the second *Craddock* prong, that is, that she had a meritorious defense. However, Mathis does not argue that she met the first and third *Craddock* requirements for a new trial. Thus, she has waived those arguments on appeal.

■ We may not reverse the judgment of a trial court absent properly assigned error. *See Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993) ("[T]he courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error."). An exception to the rule that an appellate court may not reverse for unassigned error exists when trial court commits fundamental error by, for example, exercising jurisdiction over claims over which it has no subject-matter jurisdiction. *See Pirtle v. Gregory,* 629 S.W.2d 919, 919–20 (Tex.1982) ("Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas."). The record does not show fundamental error. Thus, even if we agreed that Mathis met the second *Craddock* prong, such a resolution would not entitle Mathis to a reversal. Accordingly, we need not address Mathis's second point of error.

Having overruled Mathis's first point of error and declined to address the second point of error, we affirm the trial court's judgment.