NUMBER 13-01-766-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



 
JOHN OCIE ROBERTS,                                               Appellants,

v.

ELEANOR CARTE AND A. C. CARTE,                                      Appellees.




On appeal from the 197th District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Castillo, and Chavez




Memorandum Opinion by Justice Castillo

         Appellant John Ocie Roberts appeals pro se from a post-answer default
judgment.


 By eight issues, Roberts asserts that the trial court erred in granting the
default judgment and in denying his motion for new trial. We affirm.
I. RELEVANT FACTS
A. Background
         Roberts entered into a contract for deed with appellees Eleanor and A.C. Carte
to purchase forty acres of land. He fell delinquent in his payments. On September 18,
2000, Roberts sued, seeking a declaratory judgment as to the parties' respective rights
under the contract for deed. He also alleged breach of contract and statutory and
common-law fraud. He sought attorney fees. The Cartes counterclaimed for breach
of contract and judicial foreclosure. Roberts answered the counterclaim. B. Court Proceedings
1. The February 15, 2001 Order
         The trial court signed an order dated February 15, 2001, setting the case on the
dismissal docket for want of prosecution. The order stated: 
NOTICE OF HEARING ON ORDER FOR DISMISSAL
 It is hereby ordered that notice of the Court's intention to dismiss
the above entitled and numbered cause be given to each attorney of
record and each party not represented by an attorney whose address is
shown on the docket or in the papers on file. Such notice shall be by
mailing a copy of this order in the United States Postal Service. 
 
On the 28TH day of MARCH, 2001, at 9:00 A.M. this cause will
be dismissed for want of prosecution unless at such time and in open
Court good cause be shown for the case to be maintained on the docket. 

If the Court determines to maintain the case on the docket, this
case shall be set for trial. 
 
The case may be continued thereafter only for valid and compelling
reasons specifically determined by court order. 
 
Signed for entry on this the 15th day of February, 2001.
2. The March 22, 2001 Order
         The trial court issued a second order setting a hearing. The second order stated: 
ORDER SETTING HEARING TO REINSTATE
CASE AND FOR TRIAL SETTING FOR CASE
 
On this the 22nd day of March, 2001, came on to be considered
Plaintiff's John Ocie Roberts, Motion to Reinstate case and to set trial
date. After considering the same, the Court grants the Motion. 
 
It is hereby ordered, adjudged and decreed that this case is
reinstated on the docket and the hearing for trial setting is for the 28th
day of March, 2001 at 9:00 a.m. 
 
Signed for entry on this the 22nd day of March, 2001.

The second order shows "COPIES TO" the Cartes' attorney and to Roberts. 3. The March 28, 2001 Hearing
         Roberts did not appear at the March 28, 2001 hearing to set his case for trial. 
The Cartes' attorney appeared at a hearing that afternoon and asked for a trial setting
on the Cartes' counterclaim: 
                  THE COURT: It's a trial setting?
 
[COUNSEL]: Yes, ma'am.
 
THE COURT: Okay.
 
[COUNSEL]: But the reason, Judge, I'm before you is because
there is a pro se plaintiff on the other side.

                  THE COURT: Who is the pro se plaintiff?
 
[COUNSEL]: They were not here this morning, Judge. The reason
why I came back at 1:30 was my clients, we've been sued in this case. 
The reinstatement was for today for the trial, and also I filed a
counterclaim against the pro se plaintiff. I'm here to reinstate the
counterclaim. Janet was good to give me dates for August 10th and
13th. 
 
But what I'm asking the court to do, Judge, is being that he's not
here for his reinstatement, I'm asking the court to dismiss his case and
I'm asking the court to sever my counterclaim so I can go forward on
August 10th and August 13th for trial. 
 
I'm also asking, Judge – He demanded a jury trial. My
understanding of the rules is that if he's not here to object, I can ask that
it be taken off the jury docket and heard before the court. Your Honor
knows this already. I'm asking that it be taken off the jury docket,
Judge, and placed on the bench docket for that date with no objection.
 
 THE COURT: It will be granted. 

4. The Severance Order of April 4, 2001
         As a result, the trial court signed an order: (1) dismissing Roberts's case-in-chief; (2) granting the Cartes' motion to reinstate their counterclaim; (3) severing the
Cartes' counterclaim; and (4) setting the Cartes' counterclaim for trial. Roberts
appealed the severance order to this Court.


 The trial court set the case for
announcements on August 10, 2001 at 9:00 a.m. and a bench trial on August 13,
2001 at 9:00 a.m. The order shows "cc: John Ocie Roberts, pro se Party, 1726 N.
Commerce, Harlingen, Texas 78550." A similar notation shows the name and address
of the Cartes' attorney. 
5. The Judgment of August 17, 2001
         Roberts did not appear for trial on August 13, 2001. The trial court signed a
final judgment on August 17, 2001 in favor of Eleanor Carte and Celeste Bowman,
independent executrix of the estate of A.C. Carte.


 
II. JURISDICTION
         In various sub-issues, Roberts asserts that the trial court did not have
jurisdiction to enter a judgment and had no jurisdiction over him. However, the rule
in Texas is that a party who has appeared in litigation remains before the court for all
purposes. See Von Briesen, Purtell & Roper, S.C. v. French, 78 S.W.3d 570, 575
(Tex. App.–Amarillo 2002, pet. dism'd w.o.j.). Roberts invoked the trial court's
jurisdiction when he filed the lawsuit against the Cartes. Further, Roberts appeared
again when he answered the counterclaim, which was the live pleading pending before
the trial court when it signed the judgment. We conclude that the trial court had
jurisdiction over the Cartes' counterclaim and over Roberts. See id. 
         Also in sub-issues, Roberts argues that the trial court did not have jurisdiction
to try the Cartes' counterclaim because the severed part of the case was on appeal. 
The record shows that the trial court set the severed counterclaim for trial after
Roberts failed to appear at the hearing to set the whole case for trial. The trial court
dismissed Roberts's claim for want of prosecution, severed it from the Cartes'
counterclaim, and set the counterclaim for trial. Meanwhile, Roberts appealed the
severance order in his appeal of the dismissal of his claim against the Cartes. 
          Contrary to Roberts's argument, his earlier appeal was from the severed case. 
An order of severance is interlocutory in the remaining (or ongoing) case and is not
appealable. Barrows v. Ezer, 624 S.W.2d 613, 616 (Tex. Civ. App.–Houston [14th
Dist.] 1981, no writ). Accordingly, our exercise of jurisdiction over Roberts's earlier
appeal in the severed case had no effect on the trial court's continuing jurisdiction over
the Cartes' counterclaim in the cause from which the appealed case was severed. See
id. We overrule Roberts's sub-issues arguing that the trial court lacked jurisdiction
over the Cartes' counterclaim while he challenged the severance order in his appeal of
his severed claim against the Cartes. 
III. ISSUES PRESENTED
         Roberts presents eight issues for our review. He asserts that: (1) the default
judgment was entered without notice to him of a trial setting; (2) the trial court abused
its discretion in severing the case; (3) the judgment awards double recovery to the
Cartes; (4) the Cartes' counterclaim was improperly reinstated; (5) the Cartes' attorney
misled the trial court by not advising the trial court of the pending appeal of a
compulsory counterclaim; (6) the trial court erred in enforcing an invalid contract;
(7) the trial court erroneously interpreted the written contract; and (8) the judgment
granted more relief than requested. 
IV. DEFAULT JUDGMENT
         In his first issue, Roberts asserts that the trial court erred in granting a default
judgment without fair notice to him of the trial. He states that the record is devoid of
any proper evidence of notice to him. 
A. Standard of Review
          A trial court must set aside a post-answer default judgment on satisfaction of
a three-prong test. Craddock v. Sunshine Bus Lines Inc., 133 S.W.2d 124, 126 (Tex.
1939); Mathis v. Lockwood, 132 S.W.3d 629, 631 (Tex. App.–Dallas 2004, pet.
filed). The party seeking to set aside a default judgment should demonstrate that:
(1) the party's failure to appear was not intentional or the result of conscious
indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will
not operate to cause delay or injury to the opposing party. Mathis, 132 S.W.3d
at 631. A party who receives no notice of a trial setting satisfies the first prong of
Craddock and does not have to meet the remaining prongs of the test to be entitled
to a new trial. Id. Where the elements of the Craddock test are satisfied, it is an
abuse of discretion for the trial court to deny a motion for new trial. Id. In reviewing
the judgment of the trial court where there are no findings of fact and conclusions of
law requested or filed, the judgment must be upheld on any legal theory that finds
support in the evidence. Id. 
B. Notice
         Failure to give notice to a party of a trial setting is grounds for reversal of a
default judgment. Hanners v. State Bar of Texas, 860 S.W.2d 903, 907 (Tex.
App.–Dallas 1993, no writ). A person who is not notified of a trial setting and
consequently suffers a default judgment need not establish a meritorious defense to
be entitled to a new trial. Id. The law presumes that a trial court hears a case only
after proper notice to the parties. Id. at 908. To overcome this presumption, the
appellant must affirmatively show lack of notice. Id. 
         Here, however, Roberts concedes he received notice of the March 22 order
requiring that he appear to set the case for trial.


 The March 22 order set the
March 28 hearing at 9:00 a.m. for that purpose. However, Roberts did not appear at
the March 28 docket call to set a trial date. The trial court's February 15 order stated,
"The case may be continued thereafter only for valid and compelling reasons
specifically determined by court order." When Roberts failed to appear at the docket
call to set the case for trial, the trial court was free to reinstate the dismissal of his
case for want of prosecution. See Ho v. Univ. of Tex. at Arlington, 984 S.W.2d 672,
694-95 (Tex. App.–Amarillo 1998, pet. denied) (holding that trial court has broad
discretionary power and inherent authority to control its own docket). 
         Significantly, Roberts did not claim in his motion for new trial he did not receive
the April 4 order setting the Cartes' counterclaim for trial on April 13. We hold that
Roberts did not overcome the presumption that the trial court heard the case only after
proper notice to the parties. See Hanners, 860 S.W.2d at 908. We overrule Roberts's
first issue. 
V. MOTION FOR NEW TRIAL
A. Requirements
         The requirements of motions for new trial are governed by the Texas Rules of
Civil Procedure. Rule 321 requires a party to designate each point it relies on in a
motion for new trial in such a way that the trial court can identify and understand the
complaint. See Tex. R. Civ. P. 321. The purpose of a motion for new trial is
to provide an opportunity for the trial court, by granting a new trial, to cure any errors. 
D/FW Commercial Roofing Co. v. Mehra, 854 S.W.2d 182, 189 (Tex. App.–Dallas
1993, no writ). In addition, rule 322 provides that the court shall not consider points
in a motion for new trial couched only in general terms. See Tex. R. Civ. P. 322.
Therefore, the allegations in a motion for new trial must be sufficiently specific to
enable the trial court to understand what the movant alleges was error.
B. Standard of Review 
         In considering whether a new trial should be granted where an answer has been
filed but the defendant fails to appear, the same rules apply as in cases where no
answer has been filed. Cocke v. Saks, 776 S.W.2d 788, 789 (Tex. App.–Corpus
Christi 1989, writ denied). It is within the discretion of the trial court to decide
whether the facts of a case warrant vacating a default judgment and granting a new
trial. Id. at 789. The proponent of the motion for new trial has the burden of
presenting it to the trial court, obtaining a hearing on it, and presenting evidence to
substantiate any factual matters necessary to show entitlement to the requested relief. 
Id. We again uphold the decision on any legal theory that finds support in the
evidence. See Mathis, 132 S.W.3d at 631. 
C. Roberts's Grounds for New Trial
         On September 13, 2001, Roberts filed a sworn motion for new trial asserting
that: (1) he had appealed the April 4, 2001 severance order; (2) a jury trial was
necessary to determine the parties' intent in the contract; (3) dismissal of his suit was
improper; (4) he was not informed of any hearing to dismiss the case; (5) the
March 28, 2001 hearing was to set a trial; (6) he objected that a visiting judge
presided over the case; (7) the judgment was void because the trial court had no
authority to render it; (8) the judgment on appeal was not final, arguing that the trial
court could not have rendered the judgment of August 17, 2001; (9) he was denied
procedural and substantive due process; and (10) the trial court lacked subject-matter
jurisdiction. The trial court signed an order denying the motion for new trial on
September 19, 2001. 
D. Analysis
         Throughout his brief, Roberts argues that the trial court erred in denying his
motion for new trial. Roberts had the burden of presenting his motion to the trial
court, obtaining a hearing on it, and presenting evidence to substantiate any factual
matters necessary to show he was entitled to a motion for new trial. See Saks,
776 S.W.2d at 790. In the absence of findings of fact and conclusions of law, we
conclude we can uphold the trial court's denial of Roberts's motion for new trial on the
legal theory that Roberts did not meet his burden to overcome the presumption that
the trial court heard the case only after proper notice to the parties. See Mathis,
132 S.W.3d at 631; see also Hanners, 860 S.W.2d at 908. On this record, we
cannot conclude that the trial court abused its discretion in denying Roberts's motion
for new trial. See Hanners, 860 S.W.2d at 908. 
VI. WAIVER
         Other than fundamental error, to preserve an issue for appellate review, the
record must show that the appellant presented the complaint first to the trial court. 
Tex. R. App. P. 33.1(a)(1). Within his second issue, Roberts asserts that the trial court
abused its discretion in severing his claim and the Cartes' counterclaim, arguing that
the Cartes' counterclaim was compulsory. In his third issue, Roberts argues that the
judgment allows the Cartes a double recovery. In his fourth issue, Roberts argues that
the reinstatement order reinstated only his case and not the Cartes' counterclaim,
arguing that the counterclaim was erroneously reinstated and tried. In his fifth issue,
Roberts argues that the Cartes' attorney misled the trial court by not advising it of the
pending appeal of a compulsory counterclaim. In his sixth issue, Roberts argues that
the trial court erred in enforcing an invalid contract. In his seventh issue, Roberts
argues that the trial court incorrectly interpreted the parties' contract. In his eighth
issue, Roberts asserts that the trial court granted more relief than the Cartes requested
in their live pleading. 
         Roberts did not present to the trial court any of the complaints to which he
addresses his issues four through eight. Thus, he has waived error. See id. 
VII. CROSS-POINT
         In a single cross-point, the Cartes assert that Roberts's appeal is frivolous. They 
request attorney fees. We deny the request at this time. 
VIII. CONCLUSION
         We overrule each of Roberts's issues and sub-issues. We affirm the judgment
of the trial court. 

                                                               ERRLINDA CASTILLO
Chavez, J., not participating.                      Justice

Opinion delivered and filed
this 30th day of August, 2004.