IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0516
════════════
 
Mary Mathis, 
Petitioner,
 
v.
 
Joseph F. Lockwood, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
PER 
CURIAM
 
 
            
Mary Mathis, appearing pro se, appeals the trial court’s refusal to set 
aside a post-answer default judgment against her. The court of appeals affirmed, 
holding Mathis failed to overcome a presumption that she received notice of the 
trial setting. 132 S.W.3d 629, 632. Finding neither presumption nor evidence to 
support this conclusion, we reverse and remand to the trial court for a new 
trial.
Mathis and 
her two children lived with respondent Joseph Lockwood for some period of time 
before suit. When the relationship soured, Lockwood filed suit seeking a 
declaration that he and Mathis were not common-law spouses, and the return of 
property he claimed Mathis had stolen. Mathis apparently filed an answer, though 
it is not in the record.
The case was 
set for trial December 13, 2002, before a visiting judge. Mathis did not appear. 
After brief testimony from Lockwood, a post-answer default judgment was rendered 
in his favor.
On January 9, 
2003, Mathis filed a “Motion for a Request Rehearing” asserting she never 
received notice of the December 13th trial. She testified to the same effect at 
a hearing on the motion before the court’s presiding judge on February 4th. 
Conversely, Lockwood’s counsel testified that notice was sent to Mathis’s last 
known address and her former attorney. None of the witnesses were sworn, and 
while the reporter’s record indicates Lockwood’s counsel tendered a document to 
the judge at this hearing, none appears in the reporter’s record.[1] 
The trial court refused to set aside the default judgment. 
For many 
years, a post-answer default could be set aside only if a defendant proved three 
elements: (1) nonappearance was not intentional or the result of conscious 
indifference; (2) a meritorious defense; and (3) a new trial would cause neither 
delay nor undue prejudice. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 
1987) (citing Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 
1939)). 
When the 
first element is established by proof that the defaulted party was not given 
notice of a trial setting, we have dispensed with the second element for 
constitutional reasons. Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) 
(citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80 (1988)).
For the same 
reasons, the court of appeals also dispensed with the third element. 132 S.W.3d 
at 631; accord In the Matter of the Marriage of Lisa Ann Runberg, 159 S.W.3d 194, 200 (Tex. App.CAmarillo 
2005, no pet.); In the Matter of the Marriage of Brenda May Parker, 20 
S.W.3d 812, 817-18 (Tex. App.CTexarkana 
2000, no pet.). We need not reach that issue here, however, because in 
any event Mathis’s sworn motion asserted that a new trial would not injure 
Lockwood, and nothing in the record establishes the contrary. Cliff, 724 
S.W.2d at 779-80 (requiring new trial as “there is nothing in the record to show 
that a new trial will work an injury to [the plaintiff]”); see also Dir., 
State Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 
1994) (holding Craddock elements may be established by affidavit, even if 
not tendered as evidence at new trial hearing).[2]
Thus, the 
only question before us is whether Mathis established the first element. Her 
sworn motion for new trial asserted that she failed to appear at the December 
13th trial because she never received notice of the setting. At the 
post-judgment hearing, Lockwood’s counsel testified that notice was sent to 
Mathis, and Mathis denied receiving it. While statements by neither were under 
oath, the oath requirement was waived when neither raised any objection in 
circumstances that clearly indicated each was tendering evidence on the record 
based on personal knowledge on the sole contested issue. Banda v. Garcia, 
955 S.W.2d 270, 272 (Tex. 1997) (holding attorney’s unsworn statements tendered as evidence were sufficient 
absent objection); see also Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 
2005) (holding pro se litigants are governed by the same rules as attorneys). 

The court of 
appeals held that the trial court as fact finder could have concluded that 
Mathis failed to overcome the presumption “that a trial court hears a case only 
after proper notice to the parties” and “that she was notified of the trial 
setting.” 133 S.W.3d at 631-32 (citing Hanners v. State Bar of Tex., 860 S.W.2d 903, 
908 (Tex. App.CDallas 
1993, no writ)). We disagree that there were any such presumptions on the facts 
presented here.
It is true 
that notice properly sent pursuant to Rule 21a raises a presumption that notice 
was received. Tex. R. Civ. P. 
21a; Cliff, 724 S.W.2d at 780. But we cannot presume that notice 
was properly sent; when that is challenged, it must be proved according to the 
rule. 
Unlike 
service of citation, Rule 21a allows service of notices by anyone competent to 
testify. Tex. R Civ. P. 21a. When 
a party or attorney of record serves the notice (as occurred here), “[t]he party 
or attorney of record shall certify to the court compliance with this rule in 
writing over signature and on the filed instrument.” Id. (emphasis 
added). Like any other contemporaneous business record, this certificate bears 
some assurance of trustworthiness as it was prepared as a matter of office 
routine before any dispute about notice arose.
“A 
certificate by a party or an attorney of record, or the return of the officer, 
or the affidavit of any person showing service of a notice shall be prima facie 
evidence of the fact of service.” Id. Here, the record contains no 
certificate of service, no return receipt from certified or registered mail, and 
no affidavit certifying service. Instead, the only evidence of service in the 
record was the oral assurances of counsel. As the rule’s requirements are 
neither vague nor onerous, we decline to expand them this far. As none of the 
prerequisites for prima facie proof of service were met, the court of appeals 
was incorrect in indulging a presumption that Mathis received the notice 
Lockwood’s counsel sent. 
Without this 
presumption, there was no evidence that Mathis received notice of the trial 
setting. Testimony by Lockwood’s counsel that notice was sent did not 
contradict Mathis’s testimony that notice was never received. See id. 
(“Nothing herein shall preclude any party from offering proof that the 
notice or instrument was not received . . . .”). Even if the trial judge 
disbelieved Mathis’s testimony, that would not provide affirmative evidence that 
service occurred. See Bose Corp. v. Consumers Union of U.S., Inc., 466 
U.S. 485, 512 (1984) (“When the testimony of a witness is not believed, the 
trier of fact may simply disregard it. Normally the 
discredited testimony is not considered a sufficient basis for drawing a 
contrary conclusion.”). 
No other 
alternatives established service. Notice to Mathis’s former attorney was no 
longer notice to Mathis after her attorney withdrew. Tex. R. Civ. P. 10; see, e.g., 
Stoner v. Thompson, 578 S.W.2d 679, 684 (Tex. 1979) (holding pro se party 
was charged with notice of all pleadings served on him, or on his attorney prior 
to withdrawal). Notice to Mathis’s last known address was sent to Lockwood’s 
home; Lockwood could not serve Mathis by serving himself. And counsel’s 
statement at the trial that “I had my office call her and speak to her about 
today’s hearing” shows no personal knowledge that notice was received, certainly 
none 45 days before trial. Tex. R. Civ. 
P. 245.
Citing Rule 
21a’s provision that notice may be sent to a party’s last known address, the 
court of appeals held that litigants have a duty “to keep the court and parties 
apprised of their correct and current address.” 132 S.W.3d at 631. Not all 
courts of appeals appear to agree. See Ewton v. 
Gayken, 130 S.W.3d 382, 384-85 (Tex.App.CBeaumont 
2004, pet. denied) (holding court clerk erred by sending dismissal notice to 
attorney’s address of record rather than forwarding address printed on returned 
envelope). But even assuming there is such a duty, unless noncompliance was 
intentional rather than a mistake, due process requires some lesser sanction 
than trial without notice or an opportunity to be heard. Peralta, 485 
U.S. at 85‑86; Cliff, 724 S.W.2d at 779. 
Because the 
Craddock test was satisfied in this case, the trial court abused its 
discretion in refusing to set aside the default judgment against Mathis. 
Accordingly, without hearing oral argument, we grant Mathis’s petition for 
review, reverse the court of appeals’ judgment, and remand the case to the trial 
court for further proceedings consistent with this opinion. Tex. R. App. P. 59.1. 
 
OPINION DELIVERED: June 17, 
2005




[1] At Mathis’s request, the court of appeals ordered both 
the district clerk and the court reporter to supplement the record with any 
exhibits. Tex. R. App. P. 
34.5(c), 34.6(d). Neither found any. 

[2] While Mathis’s motion for new trial was filed after the 
trial court’s initial hearing on her “rehearing” motion, it was brought to the 
trial court’s attention at a second hearing held about a month 
later.